NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morenike Coker, | No. CV-14-01420-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Education Management LLC, | |
| Defendant. | |

At issue is Defendant's Motion to Compel Arbitration and Stay or Dismiss These Proceedings Pending Arbitration (Doc. 11, Mot.), dated September 16, 2014. On September 17, 2014, the Court entered an Order (Doc. 14) requiring Plaintiff to respond to the motion within 30 days and warning Plaintiff that the motion is a dispositive one and failure to respond may result in dismissal of the case for the compulsory arbitration of Plaintiff's claims. Plaintiff requested additional time to respond to the motion (Doc. 17), which the Court granted in part (Doc. 19), giving Plaintiff until November 7, 2014. However, Plaintiff never filed a response. On November 13, 2014, Defendant filed a Motion for Summary Disposition on Defendant's Motion to Compel Arbitration (Doc. 20).

As the Court warned Plaintiff it may do in its September 17, 2014 Order (Doc. 14), the Court treats Plaintiff's failure to respond to Defendant's Motion to Compel Arbitration as consent for the Court to grant the motion. Accordingly, pursuant to Local Rule 7.2(i), the Court grants Defendant's Motion to Compel Arbitration (Doc. 11). *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

| | |
|---|---|
| 1 | Even if Plaintiff had not constructively consented to the granting of Defendant's |
| 2 | motion, Defendant has adequately demonstrated that Defendant and Plaintiff entered into |
| 3 | a valid arbitration agreement that applies to Plaintiff's claims in this lawsuit. (Mot. at 5-|
| 4 | 12.) Moreover, the parties have not demonstrated any grounds in law or equity for the |
| 5 | revocation of that arbitration agreement. (Mot. at 7-11.) Thus, pursuant to the Federal |
| 6 | Arbitration Act, the Court must now enforce the arbitration agreement between Plaintiff |
| 7 | and Defendant with respect to Plaintiff's claims in this lawsuit. *See* 9 U.S.C. §§ 1, 2; |
| 8 | *Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 939-42 (D. Ariz. 2011). The |
| 9 | Court therefore elects to dismiss this action to allow the arbitration between the parties to |
| 10 | proceed. *See Kam-Ko Bio-Pharm Trading Co., Ltd-Australasia v. Mayne Pharma (USA)* |
| 11 | *Inc.,* 560 F.3d 935, 940 (9th Cir. 2009). |
| 12 | **IT IS THEREFORE ORDERED** granting Defendant's Motion to Compel |
| 13 | Arbitration and Stay or Dismiss These Proceedings Pending Arbitration (Doc. 11). The |
| 14 | parties are directed to promptly submit this matter to arbitration consistent with the terms |
| 15 | of their arbitration agreement and the provisions of the Federal Arbitration Act. |
| 16 | **IT IS FURTHER ORDERED** granting Defendant's Motion for Summary |
| 17 | Disposition on Defendant's Motion to Compel Arbitration (Doc. 20). |
| 18 | **IT IS FURTHER ORDERED** denying as moot Defendant's Request for |
| 19 | Exemption from the Initial Discovery Protocols for Employment Cases Alleging Adverse |
| 20 | Action (Doc. 12). |
| 21 | **IT IS FURTHER ORDERED** dismissing this case. The Clerk is directed to close |
| 22 | this matter. |
| 23 | Dated this 7th day of January, 2015. |
| 24 | |
| 25 | |
| 26 | Honorable John J. Tuchi |
| 27 | United States District Judge |
| 28 | |

- 2 -